UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROY THROGMARTIN,

    Plaintiff,

v.                                Case No.:  2:24-cv-367-SPC-KCD

NATIONWIDE MUTUAL
INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**

Before the Court is Plaintiff Roy Throgmartin's Motion to Remand (Doc. 14) and Defendant Nationwide Mutual Insurance Company's response in opposition (Doc. 16).[1] For the reasons below, the motion is denied.

### **I. Background**

Throgmartin originally sued Nationwide for uninsured motorist benefits in state court. But Nationwide removed the case here based on diversity jurisdiction. (Doc. 1.) Plaintiff now seeks remand because Nationwide has allegedly not satisfied the amount in controversy requirement for diversity jurisdiction. (Doc. 14.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

This case arose when a third-party motorist negligently collided with Throgmartin. (Doc. 1 at 2.) Throgmartin suffered damages from the accident, and since the third-party motorist was underinsured, he provided notice to Nationwide to recover under his own insurance policy. (*Id*. at 2-3.) But Nationwide refused coverage, and so Throgmartin filed suit.

Before suing, Throgmartin sent a demand letter to Nationwide seeking $250,000. (Doc. 1, Ex. E.) The letter included medical files and bills related to the accident. According to those records, Throgmartin's economic damages from the accident total $173,236.20. (*Id*., Ex. D.) The rest of Throgmartin's demand was apparently attributed to non-economic damages, including pain and suffering.

Nationwide timely removed the case here based on diversity jurisdiction. Nationwide relies on Throgmartin's demand letter to prove his case exceeds the statutory threshold of $75,000. (*Id*.)

Throgmartin now wants to go back to state court. He claims remand is necessary because Nationwide has not satisfied the amount in controversy requirement. (Doc. 14.) According to Throgmartin, Nationwide cannot rely on the demand letter because it does not clearly and unambiguously establish the amount in controversy.

## II. Legal Standards

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court is authorized to exercise jurisdiction when the controversy involves citizens of different states and "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). If these conditions are satisfied, a defendant can remove an action from state to federal court. *See* 28 U.S.C. § 1441.

"[T]he removing defendant must prove by the preponderance of the evidence that the amount in controversy" exceeds $75,000. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). But importantly, the removing defendant need not "prove the amount in controversy beyond all doubt or . . . banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Rather, a reasonable inference or deduction is sufficient. *Id.* If the removing defendant fails to satisfy its burden, then the "proper course of action is to remand the case[.]" *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

## III. Analysis

Where a plaintiff has made an unspecified demand for damages in the complaint, as here, the removing defendant must otherwise prove the amount in controversy. Nationwide relies on Throgmartin's pre-suit demand letter,

which not only contains a settlement offer of $250,000, but also outlines his extensive medical care attributed to the accident. (Doc. 1, Ex. E.)

Within the Eleventh Circuit, a district court can consider any "evidence existing at the time of removal to determine if the jurisdictional amount is satisfied." *Hartinger v. 21st Century Centennial Ins. Co.*, No. 6:13- CV-1775-ORL-36-TBS, 2014 WL 12629756, at *2 (M.D. Fla. Jan. 3, 2014). The facts in Throgmartin's pre-suit letter undeniably existed at the time of removal. Thus, it is "permissible evidence of the amount in controversy." *Karr v. Allied Prop. & Cas. Ins. Co.*, No. 610CV1686ORL22GJK, 2011 WL 13298902, at *2 (M.D. Fla. Feb. 17, 2011); *see also Boyd v. State Farm Mut. Auto. Ins. Co.*, No. 6:15-CV1965-ORL-22-TBS, 2015 WL 12838805, at *2 (M.D. Fla. Dec. 16, 2015) ("A presuit demand letter may be used to support the amount in controversy[.]"); *Karr*, 2011 WL 13298902, at *2 (same); *Vickers v. Busch Ent. Corp.*, No. 8:05-CV-1888-T-26TGW, 2005 WL 8160362, at *2 (M.D. Fla. Nov. 4, 2005) (same).

Throgmartin does not deny or otherwise challenge the accuracy of his demand letter. Instead, he argues that demand letters are not determinative of the amount in controversy. (Doc. 14.) And with no other evidence, Throgmartin concludes that Nationwide cannot meet its burden. (*Id.*)

The Court is unconvinced. While pre-suit demand letters "do not automatically establish the amount in controversy," they can provide sufficient evidence under certain circumstances. *Lamb v. State Farm Fire Mut. Auto. Ins.*

4

*Co.*, No. 3:10-CV-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010). The reviewing court must analyze whether the demand letter merely "reflect[s] puffing and posturing," or whether it provides "specific information to support the plaintiff's claim" and thus offers a "reasonable assessment of the value of [the] claim." *Id.* Put simply, if a settlement demand is relevant and detailed, it "can support removal." *Gagnon v. Petsmart, Inc.*, No. 2:20-CV-676-FTM-38-MRM, 2020 WL 13356800, at *1 (M.D. Fla. Sept. 2, 2020),

Throgmartin's demand letter describes his medical treatments arising from the car accident, the dates of those treatments, and the expenses incurred. (Doc. 1, Ex. E.) If that were not enough, Throgmartin separately attached medical records that exceed the Court's jurisdictional threshold. (*Id.*) Given these details, the Court is satisfied the demand letter reflects a reasonable assessment of Throgmartin's damages instead of mere puffery.

### IV. Conclusion

The Court need not suspend reality or shelve good judgment in assessing jurisdiction. Instead, it may view the record using "judicial experience and common sense." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). Applying that standard here, the Court is satisfied the amount in controversy exceeds its jurisdictional threshold. Accordingly, Throgmartin's motion for remand is **DENIED**.

**ORDERED**[2] in Fort Myers, Florida on June 11, 2024.

*Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

---

[2] Because a motion to remand does not address the merits of the case but merely changes the forum, it is a non-dispositive matter appropriately handled by order. *See Franklin v. City of Homewood*, No. CIV.A. 07-TMP-006-S, 2007 WL 1804411, at *3 (N.D. Ala. June 21, 2007).